Aliya NELSON

v.

**SELECT FINANCIAL SERVICES, INC.**

Civil Action No. 05-3473.

United States District Court,
E.D. Pennsylvania.

April 28, 2006.

Cary L. Flitter, Theodore E. Lorenz, Lundy Flitter Beldecos & Berger PC, Narberth, PA, for Aliya Nelson.

Edwin M. Matzkin, Edwin M. Matzkin, Attorney at Law, Jenkintown, PA, for Select Financial Services, Inc.

## *MEMORANDUM*

DALZELL, District Judge.

Plaintiff Aliya Nelson alleges that defendant Select Financial Services, Inc. violated 15 U.S.C. § 1692e and § 1692e(10) of the Fair Debt Collection Practices Act ("FDCPA"). Before us now are her motion for judgment on the pleadings, defendant's response, and the parties' supplemental briefs.[1]

---

1. Fed.R.Civ.P. 12(c) governs a motion for judgment on the pleadings and provides that: If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

Select sent Nelson a letter, dated October 5, 2004, which stated, in part:

> You are now being provided ample notice of our intentions after having been previously offered sufficient opportunity to dispute the validity of this debt. Your having failed to do so verifies the validity of this debt.

Compl. Ex. A. Plaintiff contends that the phrase "verifies the validity of this debt" violates Sections 1692e and 1692e(10). Section 1692e of the FDCPA provides that:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

> .      .      .      .      .

> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

Select disputes Nelson's contention and argues that the letter in question—when read together with a December 3, 2003 letter [2] containing the notification 15 U.S.C. § 1692g requires—"merely reflects the assumption of the debt collector/sender" and reading more into it would create a "bizarre or idiosyncratic interpretation[ ]." Def.'s Mem. in Opp'n to Pl.'s Mot. for J. on the Pleadings at unnumbered page 4 and Ex. A.

Pursuant to 15 U.S.C. § 1692g, when a debt collector sends a consumer notice of any debt, the written notice must contain "a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, *the debt will be as-*

---

Defendant's response to plaintiff's motion asked us to consider a document not attached to the complaint. We therefore on February 1, 2006 ordered further briefing from the parties and instructed them to attach any documents they deemed relevant for disposition under Fed.R.Civ.P. 56.

Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). In ruling on a motion for summary judgment, the Court must view the evidence, and make all reasonable inferences from the evidence, in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The moving party bears the initial burden of proving that there is no genuine issue of material fact in dispute. *Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585 n. 10, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Once the moving party carries this burden, the nonmoving party must "come forward with 'specific facts showing there is a genuine issue for trial.' " *Id.* at 587, 106 S.Ct. 1348 (quoting Fed.R.Civ.P. 56(e)). The task for the Court is to inquire "whether the evidence presents a sufficient disagreement to require submission to the jury or whether it is so one-sided that one party must prevail as a matter of law." *Liberty Lobby*, 477 U.S. at 251–52, 106 S.Ct. 2505; *Tabas v. Tabas*, 47 F.3d 1280, 1287 (3d Cir.1995) (en banc).

2. This letter, which Select avers it sent on December 3, 2003, is in fact undated and not addressed to Nelson, or anyone in particular. The affidavit of Geoffrey Ostroff, General Manager of Select, explains the company policy: "within 24 hours after receipt of new accounts, the initial validation letter in accordance with § 809 of the Fair Debt Collection Practices Act is mailed to debtors .... from our outsourced letter service." Def.'s Supp. Br. Ex. A Ostroff Aff. ¶ 3. Defendant has provided "a copy of said initial letter." *Id.* ¶ 4.

Thus, it seems Select has given us a copy of the form letter, but not a copy of the actual letter that it allegedly sent to Nelson. Even if we accept that Select sent the December 3, 2003 letter—a contention that Nelson does not dispute—our analysis is unaltered. Nelson's claim rests on her charge that the specific language used in the October 5, 2004 letter violates the FDCPA, regardless of whether Select gave proper notice in a different letter.

*sumed to be valid by the debt collector."* 15 U.S.C. § 1692g(a)(3) (emphasis added). In other words, it merely allows the debt collector to proceed under what Judge O'Neill aptly describes as a "temporary fiction" that the debt stated in the validation notice is true. *Smith v. Hecker*, No. 04–5820, 2005 WL 894812, at *4 (E.D.Pa. Apr. 18, 2005). The parties do not dispute that the alleged letter of December 3, 2003 gives proper notice. Nelson contends, however, that the propriety of the 2003 letter is irrelevant since the October 5, 2004 letter violates the FDCPA by misstating the effect of her failure to dispute the debt within thirty days.

■■■ Notices sent pursuant to Section 1692g are to be interpreted from the perspective of the "least sophisticated debtor," *Graziano v. Harrison*, 950 F.2d 107, 111 (3d Cir.1991), and while our Court of Appeals has not expressly applied this standard to Section 1692e claims, other circuits have, *see, e.g., Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir.1993); *Swanson v. Southern Oregon Credit Serv., Inc.*, 869 F.2d 1222, 1227 (9th Cir.1988); *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1174–75 (11th Cir.1985). Our colleagues on this Court have done the same. *See, e.g., Farren v. RJM Acquisition Funding, LLC*, No. 04–995, 2005 WL 1799413, at *5 (E.D.Pa. July 26, 2005); *King v. Arrow Fin. Servs., LLC*, No. 02–867, 2003 WL 21780973, at *2 (E.D.Pa. July 31, 2003). We shall therefore abide by the weight of authority and apply the least sophisticated debtor standard here.

■■■ Since the FDCPA provides that "the debt will be assumed to be valid by the debt collector" if the consumer does not respond within thirty days, 15 U.S.C. § 1692g(a)(3)—in other words, creates a "temporary fiction," to use Judge O'Neill's coinage—we must consider, from the perspective of the least sophisticated debtor, whether the locution "verifies the validity of this debt" is a false, deceptive, or misleading representation in violation of 15 U.S.C. § 1692e and § 1692e(10). To this end we turn to two standard dictionaries of our language, an enterprise that also assures we will avoid a "bizarre or idiosyncratic interpretation."

The *Oxford English Dictionary* (2d ed. 1989) ("*OED*") defines *assumed* as (1) "Taken to or upon oneself; appropriated; usurped;" (2) "Pretended, 'put on;'" and (3) "Taken for granted, adopted as a basis of reasoning." I *OED* 722–23. *Webster's Third New International Dictionary* (1986) ("*Webster's*") defines it as (1) "taken as one's right or possession: APPROPRIATED, USURPED;" (2) "MAKE-BELIEVE, PRETENDED, FEIGNED" and "FICTITIOUS, FALSE;" and (3) "taken for granted: SUPPOSED." *Webster's* 133.

The *OED* defines *verify* as (1) "To prove by good evidence or valid testimony; to testify or affirm formally or upon oath;" and (2) "To show to be true by demonstration or evidence; to confirm the truth or authenticity of; to substantiate." XIX *OED* 540. *Webster's* defines it as (1) "to confirm or substantiate in law by oath or proof: add the legal verification to (a pleading or petition)" and "to swear to or affirm the truth of;" (2) "to prove to be true: establish the truth of: conclusively demonstrate by presentation of facts or by sound reasoning or argument;" and (3) "to serve as conclusive evidence, argument, proof, or demonstration of." *Webster's* 2543.

Thus, *assumed* and *verifies* are not synonyms: *assumed* conveys that Select pretends or takes for granted that Nelson's debt is valid for purposes of further collection efforts, while "verifies" conveys that Nelson's inaction for thirty days demonstrates or substantiates the truth of the debt. The latter message is simply un-

true. A debtor's inaction does not *verify* (*i.e.,* confirm the truth of) the debt to the debt collector, nor to any court. *See* 15 U.S.C. § 1692g(c) ("The failure of a consumer to dispute the validity of a debt under this section may not be construed by any court as an admission of liability by the consumer."); *see also Velderman v. Midland Credit Mgmt., Inc.,* No. 04–269, 2005 WL 2405959, at *7 (W.D.Mich. Sept. 29, 2005) (holding the debt collector violated § 1692e(10), explaining that "[i]t is a misrepresentation for a debt collector to make a debtor believe that he is legally responsible for the debt simply because the debtor failed to dispute the debt under § 1692(g)"); *Smith v. Hecker,* No. 04–5820, 2005 WL 894812, at *4–5 (E.D.Pa. Apr. 18, 2005) (holding that a letter sent pursuant to 1692g stating the debt "will be assessed valid" was "deceptive and [did] not convey an effective validation notice").

Even if we accept Select's contention that it sent Nelson an earlier letter that used language indisputably in compliance with the FDCPA, that fact does not transform the commonly understood meaning of the words used in the second letter. At best, the conflicting messages could leave Nelson confused as to the effect of her inaction and wondering by whom the debt was "verified"—Select? a credit agency? a court?—thereby making the statement in question deceptive. *See Wilson v. Quadramed Corp.,* 225 F.3d 350, 354 (3d Cir. 2000) (noting that a collection letter sent pursuant to § 1692g "is deceptive when it can be reasonably read to have two or more different meanings, one of which is inaccurate") (quoting *Russell v. Equifax A.R.S.,* 74 F.3d 30, 35 (2d Cir.1996)).

In sum, Select admits sending the October 5, 2004 letter, so there is no genuine issue of material fact in dispute. This letter falsely represented to Nelson that her inaction definitively confirmed the au-thenticity of the debt, in violation of Sections 1692e and 1692e(10). Accordingly, Nelson is entitled to summary judgment.

This matter shall now proceed to an assessment of damages, as 15 U.S.C. § 1692k provides. An Order to this effect follows.

### ORDER

AND NOW, this 28th day of April, 2006, upon consideration of plaintiff's Fed. R.Civ.P. 12(c) motion for judgment on the pleadings (docket entry # 12), defendant's response, and the parties' supplemental briefs, and in accordance with the accompanying Memorandum, it is hereby ORDERED that:

1. Plaintiff's motion is GRANTED;

2. By May 8, 2006 plaintiff shall SUBMIT a supplemental brief that details: (1) any actual damages; (2) reasonable attorney's fees; and (3) other factors we consider under § 1692k (b)(1); and

3. By May 22, 2006 defendant shall RESPOND to plaintiff's brief.