NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Case Nos: 10-2824 & 10-4013

ROBERT PETERSON,

Appellee/Cross-Appellant

v.

PORTFOLIO RECOVERY ASSOCIATES, LLC,

Appellant/Cross-Appellee

_____

Appeals from the
United States District Court for the District of New Jersey
District Judge: The Honorable Anne E. Thompson
District Court No. 3-09-cv-02707

_____

Argued April 28, 2011

Before: BARRY, HARDIMAN, and TASHIMA,[*] *Circuit Judges*
(Filed: June 6, 2011 )

Donald S. Maurice, Jr., Esq. (Argued)
Thomas R. Dominczyk, Esq.
Maurice & Needleman, P.C.
5 Walter Foran Boulevard, Suite 2007
Flemington, NJ 08822

Counsel for Appellant/Cross-Appellee

_____

[*] The Honorable A. Wallace Tashima, Senior United States Circuit Judge, United States Court of Appeals for the Ninth Circuit, sitting by designation.

Susan Schneiderman, Esq.  (Argued)
Sergei Lemberg, Esq.
Lemberg & Associates L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905

<u>Counsel for Appellee/Cross-Appellant</u>

---

OPINION OF THE COURT

---

TASHIMA, *Circuit Judge.*

Robert Peterson ("Peterson") sued Portfolio Recovery Associates, LLC ("PRA"), in the District Court for the District of New Jersey, alleging violations of the federal Fair Debt Collection Practices Act ("FDCPA").  On cross-motions for summary judgment, the District Court granted summary judgment in favor of Peterson, and ordered the entry of judgment in favor of Peterson in the amount of $1,000.[1]  The District Court subsequently granted Peterson's motion for attorney's fees, but reduced the amount of fees requested by 65 percent.  PRA appeals from the grant of summary judgment in favor of Peterson, and Peterson cross-appeals the attorney's fees order.  We have jurisdiction to hear these appeals pursuant to 28 U.S.C. § 1291.

I.

---

[1]	The District Court also granted PRA's motion for summary judgment on several claims that were withdrawn by Peterson.

2

PRA is in the business of purchasing old debts from creditors and seeking to collect on these accounts. On December 19, 2002, it acquired a receivable in the amount of $2,936.32 from Fleet Bank. This amount was owed by a debtor named Robert Peterson with an address in Colonia, New Jersey. Appellee Peterson disputes that he is the same Robert Peterson who owed that amount and states that he has never lived at the address in Colonia. On December 7, 2003, PRA sent a letter seeking to collect the debt to the address in Colonia (the "2003 Letter"). The 2003 Letter contained a so-called "validation notice" as required by the FDCPA, 15 U.S.C. § 1692g(a).[2] Peterson did not receive that letter.

In 2007, PRA made a series of phone calls regarding the debt to Peterson and his parents. Peterson denied owing the debt and gave PRA his current address. PRA sent a letter to Peterson's then-current address in October 2008. This letter contained an offer to settle the debt at a discounted amount and did not contain a validation notice. In

---

[2] The FDCPA requires that a debt collector either include a validation notice in its initial communication with a consumer or send the consumer a written validation notice within five days of the initial communication. The validation notice must advise the consumer of: (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within thirty days of receipt of the notice, disputes the validity of the debt, the debt collector will assume the debt is valid; (4) a statement that the debt collector will obtain verification of the debt or a copy of a judgment and mail the same to the consumer if the consumer notifies the debt collector within the thirty-day window that it disputes the debt or any portion thereof; and (5) a statement that the debt collector will provide the name and address of the original creditor upon the consumer's written request within the thirty-day period. 15 U.S.C. § 1692g(a)(1)-(5).

December 2008, PRA's Disputes Department sent Peterson a letter stating that it understood that Peterson wished to dispute the debt because he had been a victim of identity theft or fraud and asking that he send an official identity theft report or written statement so that they could investigate the dispute. This letter also did not contain a validation notice.

Then, in January 2009, Peterson emailed PRA asking for additional information about the debt. This email explained again that he had been a victim of identity theft and provided details on how the identity theft had occurred. A PRA representative responded by email approximately an hour later; the response contained more information about the debt and a request that Peterson complete and return the previously sent identity theft/fraud packet. Peterson then requested that another identity theft/fraud packet be mailed to him, as he did not have the one previously sent. The PRA representative replied that the account would continue to be treated as disputed and another identity theft/fraud packet would be sent to him. A month or so after this exchange, in February 2009, PRA sent Peterson a letter stating that it could not investigate the dispute because he had not returned the completed identity theft/fraud packet and that the account would no longer be treated as a disputed account but instead would be "returned to the collection floor."

On June 3, 2009, Peterson filed suit alleging that PRA's collection efforts violated the FDCPA. On cross-motions for summary judgment, the District Court concluded that

the validation notice included with the 2003 Letter did not comply with 15 U.S.C. § 1692g(a) because that letter was not actually sent to Peterson, but instead went to an address at which he had never resided. Accordingly, the Court found that PRA had been obligated to provide a new validation notice when it made its initial contact with Peterson by phone in 2007. Because it failed to do so, it violated 15 U.S.C. § 1692g(a). The District Court also held that Peterson's claim was not barred by the FDCPA's one-year statute of limitations, *see* 15 U.S.C. § 1692k(d), because, even though Peterson filed his complaint more than a year after the 2007 phone calls from PRA, PRA had sent him letters in October 2008 and February 2009, which could serve as the basis for a non-time-barred action. The District Court granted summary judgment for Peterson and awarded him the maximum statutory damages amount of $1,000.

Peterson then moved for attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3). Peterson requested fees in the amount of $29,577, but the District Court awarded $10,351.95 (a 65 percent reduction), having found that the amount of time expended was unreasonable in light of the simplicity of the case, the fact that Peterson's attorneys specialized in FDCPA cases, and the fact that Peterson had been successful on only one of multiple claims.

## II.

We exercise plenary review over the District Court's summary judgment order and apply the same standard that the District Court should have applied. *Howley v. Mellon*

*Fin. Corp.*, 625 F.3d 788, 792 (3d Cir. 2010). Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Id.*; Fed. R. Civ. P. 56(a).

III.

We address first whether the District Court erred in holding that Peterson's claim under 15 U.S.C. § 1692g(a) is not barred by the one-year statute of limitations for FDCPA suits set forth in 15 U.S.C. § 1692k(d). The District Court held that the letters that PRA sent to Peterson in late 2008 and early 2009 can support a non-time-barred cause of action under § 1692g(a). We disagree.

The FDCPA states clearly that a validation notice must accompany or follow a debt collector's "initial communication" with a consumer. 15 U.S.C. § 1692g(a). We agree with the common-sense conclusion reached by other courts that "there can be only *one* 'initial communication' between a debt collector and a consumer, and any communication that follows the 'initial communication' is necessarily *not* an 'initial' communication." *Derisme v. Hunt Leibert Jacobson, PC*, 2010 WL 4683916, at *5 (D. Conn. Nov. 10, 2010). Faced with cases in which a validation notice did accompany an initial communication, but the plaintiff argued that the FDCPA was violated by subsequent communications lacking such a notice, courts have concluded that a debt collector has no obligation to send a validation notice with any communication other than the initial communication. *Weber v. Computer Credit, Inc.*, 259 F.R.D. 33, 39 (E.D.N.Y.

6

2009); *Spira v. Ashwood Fin., Inc.*, 358 F. Supp. 2d 150, 158-59 (E.D.N.Y. 2005); *see also Ehrich v. RJM Acquisitions LLC*, 2009 WL 4545179, at *2 (E.D.N.Y. Dec. 4, 2009) ("Any letters after [the first communication between a debt collector and a consumer] are irrelevant for purposes of the notice requirement in Section 1692g(a).").

Without commenting on any implications that § 1692g(a) claims, standing alone, might have for § 1692g(b) claims, we do not believe that the former are subject to a so-called "continuing violations" rule that would re-set the statute of limitations clock with each separate communication. Other circuits have held, entirely reasonably, that the FDCPA statute of limitations should begin to run on the date of "the debt collector's last opportunity to comply with" the Act. *Naas v. Stolman*, 130 F.3d 892, 893 (9th Cir. 1997) (quoting *Mattson v. U.S. West Commc'ns*, 967 F.2d 259, 261 (8th Cir. 1992)); *see also Maloy v. Phillips*, 64 F.3d 607, 608 (11th Cir. 1995) (endorsing the Eighth Circuit's reasoning in *Mattson*). Regardless of whether PRA had included a validation notice with its 2008 and 2009 letters to Peterson, it would have violated § 1692g(a) by not sending a notice within five days of its first 2007 phone conversation with him. That conversation, as the statutory "initial communication," was PRA's last opportunity to comply with that provision.

Because PRA's initial communication with Peterson took place in 2007 and he did not file suit until June 2009, any claim based on § 1692g(a) is barred by the one-year statute of limitations. We will therefore reverse the grant of summary judgment for

7

Peterson on his § 1692g(a) claim and remand with instructions to enter summary

judgment for PRA on that claim.

IV.

Peterson also brought claims based on 15 U.S.C. §§ 1692g(b), 1692e(2), and

1692e(10). The District Court did not address these claims.[3]

In its summary judgment order, the District Court asked Peterson to inform the

court whether he intended to pursue his claims under § 1692e(2) and (10), which were not

addressed in that order. He declined to do so because he had already received the

maximum statutory damages based on his § 1692g(a) claim. Because we now order the

District Court to enter judgment for PRA on the § 1692g(a) claim, the District Court

should provide Peterson with another opportunity to pursue his claims under § 1692e(2)

and (10), if he wishes to do so. In addition, because the District Court did not address

Peterson's § 1692g(b) claim in its opinion, it should do so on remand. We leave the

scope and conduct of any proceedings on this claim, on remand, to the District Court's

sound discretion.

V.

---

[3] It is true that the District Court mentioned that Peterson had also brought a § 1692g(b) claim in its order granting summary judgment. However, it did not discuss any of the elements of a § 1692g(b) claim. To find a violation under § 1692g(b), the District Court would have needed to find that (1) Peterson's initial email to PRA triggered the verification requirement of § 1692g(b); (2) PRA's response did not satisfy the verification requirement; and (3) the letter sent by PRA in February of 2009 constituted collection activity in violation of § 1692g(b). *See* 15 U.S.C. § 1692g(b).

Because we will reverse the grant of summary judgment in favor of Peterson, we shall also vacate the District Court's order awarding attorney's fees. Having vacated the award of attorney's fees, Peterson's cross-appeal challenging the amount of the award is rendered moot, and we will dismiss the cross-appeal.

The judgment of the District Court granting summary judgment in favor of Peterson will be reversed and the District Court will be directed to enter summary judgment on Peterson's § 1692g(a) claim in favor of PRA. The order of the District Court awarding attorney's fees to Peterson will be vacated, and Peterson's cross-appeal of that award will be dismissed as moot. The case will be remanded to the District Court for further proceedings consistent with this opinion.