Paul E. ORR, Jr., on behalf of himself and all others similarly situated, Plaintiff,

v.

WESTPORT RECOVERY CORPORATION, et al., Defendants.

Civil Action No. 2:12–CV–187–WCO.

United States District Court, N.D. Georgia, Gainesville Division.

April 16, 2013.

James Marvin Feagle, Skaar & Feagle, LLP, Decatur, Justin Tharpe Holcombe, Kris Kelly Skaar, Skaar & Feagle, LLP, Marietta, GA, Scott D. Owens, Law Office of Scott D. Owens, Hallandale, FL, for Plaintiff.

Jill Warner, Michael E. Brooks, McRae Brooks Warner, LLC, Atlanta, GA, for Defendants.

## ORDER

WILLIAM C. O'KELLEY, Senior District Judge.

The captioned case is before the court for consideration of defendants' motion to dismiss [8].

### I.  Facts [1]

On May 28, 1992, First Union National Bank of Florida ("First Union") obtained a judgment against Paul E. Orr, Jr. and Harriet I. Orr in the County Court of Broward County, Florida, for the principal sum of $4,017,90, interest of $1,226.04, court costs of $162.00, and attorneys' fees of $650.00 (the "Judgment").  Defendants allege that on November 8, 1997, the Judgment was assigned to defendant Westport Recovery Corporation ("Westport").  On May 11, 2012, Westport filed a complaint to extend final judgment against plaintiff in the County Court of Broward County, Florida (the "Complaint to Extend Judgment").  (Mot. to. Dismiss Ex. 1.) [2]  That

---

1.  These facts are gleaned from plaintiff's complaint and exhibits thereto.  *See Horsley v. Feldt,* 304 F.3d 1125, 1134 (11th Cir.2002); *Brooks v. Blue Cross & Blue Shield,* 116 F.3d 1364, 1369 (11th Cir.1997) (holding "where the plaintiff refers to certain documents in the complaint and those documents are central to the plaintiff's claim, then the Court may con-

sider the documents part of the pleadings for purposes of Rule 12(b)(6) dismissal.").

2.  This court may take judicial notice of public records not attached to a complaint when considering a Rule 12(b)(6) motion to dismiss without converting the motion to dismiss to a motion for summary judgment.  *See Universal*

case was an action on the Judgment pursuant to Florida Statute § 95.11(1).[3]

On July 3, 2012, defendants sent plaintiff two letters attempting to collect a total balance of $21,052.82, which purports to include post judgment interest and costs. (Compl. Exs. A, B.) One letter is from Westport signed by Robert D. Friedman ("Friedman"). The other is from the law firm of Friedman & Greenberg, P.A. ("Friedman & Greenberg"), signed by Debra L. Greenberg ("Greenberg") (hereinafter collectively referred to as the "Letters"). The Letters identify that Westport is represented by Friedman & Greenberg, that the owners of Friedman & Greenberg are Friedman and Greenberg, and that Friedman and Greenberg are also the owners of Westport.

The Letters specifically refer to the Complaint to Extend Judgment, the balance due on the Judgment, and the fact that Westport purchased the Judgment from First Union. The Letters also expressly state that "[t]his communication is from a debt collector attempting to collect a debt and any information obtained will be used for that purpose." In addition, the Letters contain the following:

> Pursuant to Section 809 of the Fair Debt Collection Practices Act you are hereby notified that unless you dispute the validity of this debt or any portion thereof within thirty days of receipt of this notice, the debt will be assumed to be valid. Furthermore, if you notify [Westport or Greenberg] in writing within the thirty-day period that this debt or any portion thereof is disputed, verification of the debt will be obtained and a copy of same will be mailed to you. Upon written request within this thirty-day time frame, you will also be provided with the name and address of the original creditor if this account was not originally opened with Westport.

(*Id.*) These Letters are the only written communications from defendants. (*Id.* at ¶ 22.)

Plaintiff filed this complaint against defendants Westport, Friedman & Greenberg, Friedman, and Greenberg alleging that they violated the Federal Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (the "FDCPA"). More specifically, plaintiff alleges that defendants violated the FDCPA by sending the Letters that "failed to properly deliver the notice required by 15 U.S.C. § 1692g(a)(3) by omitting the required language which limits the assumption of validity to the debt collector." (*Id.* at ¶ 1.) Plaintiff alleges that this failure constitutes violations of 15 U.S.C. §§ 1692e, and 1692g. (*Id.* at ¶¶ 24, 36.) Plaintiff seeks certification of a class pursuant to Rule 23(b)(3) and an award of statutory damages, costs, and attorney's fees pursuant to 15 U.S.C. § 1692k. (*Id.* at ¶¶ 29, 34, 37–38.)

## II. Legal Analysis

Defendants assert that plaintiff's complaint must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) because plaintiff has failed to state a claim upon which relief can be granted. On a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the complaint's factual allegations are assumed true and construed in the light most favorable to

---

*Express, Inc. v. SEC,* 177 Fed.Appx. 52, 53 (11th Cir.2006).

**3.** "[T]he main purpose of an action on a judgment is to obtain a new judgment which will facilitate the ultimate goal of securing satisfaction of the original cause of action. [I]f the statute of limitation period has almost run on the judgment ... the judgment creditor can start the limitation period anew by bringing an action upon the judgment and obtaining a new judgment." *Adams v. Adams,* 691 So.2d 10, 11 (Fla.Dist.Ct.App.1997) (internal quotation and citation omitted).

the plaintiff. *Hardy v. Regions Mortgage, Inc.,* 449 F.3d 1357, 1359 (11th Cir.2006); *M.T.V. v. DeKalb County Sch.Dist.,* 446 F.3d 1153, 1156 (11th Cir.2006). The rules of notice pleading require only that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED.R.CIV.P. 8(1)(2).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . ." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (citation omitted). *See also Fin. Sec. Assurance, Inc. v. Stephens, Inc.,* 500 F.3d 1276, 1282–83 (11th Cir.2007) (though notice pleading does not require specific facts to be pled for every element of a claim or that claims be pled with precision, "it is still necessary that a complaint 'contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory.' ") (citations omitted). "Broad conclusory allegations are inadequate even under the liberal pleading rules of the Fed.R.Civ. P." *Williams v. Lear Operations Corp.,* 73 F.Supp.2d 1377, 1380–81 (N.D.Ga.1999).

The statutory provisions at issue are 15 U.S.C. §§ 1692e and 1692g. 15 U.S.C. § 1692e provides in pertinent part:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

. . . .

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15 U.S.C. § 1692e(10). In addition, 15 U.S.C. § 1692g provides in pertinent part:

(a) Notice of debt; contents

Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

(b) Disputed debts

If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consum-

er requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this subchapter may continue during the 30–day period referred to in subsection (a) of this section unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30–day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

(c) Admission of liability

The failure of a consumer to dispute the validity of a debt under this section may not be construed by any court as an admission of liability by the consumer.

(d) Legal pleadings

A communication in the form of a formal pleading in a civil action shall not be treated as an initial communication for purposes of subsection (a) of this section.

15 U.S.C. § 1692g.

The Eleventh Circuit has adopted the "least sophisticated consumer" standard to determine whether a debt collector's communication violates 15 U.S.C. § 1692e. *LeBlanc v. Unifund CCR Partners,* 601 F.3d 1185, 1193–94 (11th Cir.2010). Although this standard is more protective than the "reasonable consumer" standard, it still "has an objective component in that while protecting naive consumers, the standard also prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness." *Id.* at 1194 (internal quotations and citations omitted). In applying this standard to determine whether a complaint states a plausible claim for relief, the court can presume that "the least sophisticated consumer" possesses "a rudimentary amount of information about the world and a willingness to read a collection notice with some care." *Id.* (citation omitted).

Plaintiff does not dispute that the Letters, in accordance with the requirements of 15 U.S.C. § 1692g(a), notify him that the debt will be assumed valid in the absence of a timely dispute and that the debt referenced was the Judgment. Plaintiff alleges, however, that the Letters failed to comply with 15 U.S.C. § 1692g(a)(3) "by omitting the required language which limits the assumption of validity to the debt collector." (Compl. at ¶ 1.) Plaintiff alleges that this failure would lead the least sophisticated consumer "to believe that any entity would assume the debt to be valid, including a court, credit reporting agency or other authoritative entity." (*Id.* at ¶ 24.) Plaintiff asserts that the Letters "falsely represent the extent and the effect of the presumption of validity as pronounced by sections 1692g(a)(3) and g(3) of the FDCPA." (*Id.* at ¶ 36.)[4] Plaintiff asserts that the Letters "would be deceptive to the least sophisticated consumer with regard to his/her legal rights and therefore violate[ ] 15 U.S.C. § 1692g, e and e(10)." (*Id.* at ¶ 36.)

In their motion, defendants contend that the Letters are not deceptive or misleading because, unlike the validation notices

---

**4.** The court notes that the FDCPA does not contain a § 1692g(3).

in the cases cited by plaintiff that related to prejudgment debts, the Letters relate to a final judgment. Defendants explain that even if plaintiff believed, as alleged, that unless he timely disputed the validity of the debt, the debt would be assumed valid by a court, credit reporting agency, or other authoritative entity, that belief would be accurate in the context of a final judgment. Defendants argue that, under these circumstances, even the "least sophisticated consumer" possessing a rudimentary amount of information and a quotient of reasonableness should understand that a final judgment entered against him has, at a bare minimum, an assumption of validity.

Under the Full Faith and Credit Clause of the United States Constitution, U.S. Const., Art. IV, § 1, and its implementing statute, 28 U.S.C. § 1738, "[a] final judgment in one State, if rendered by a court with adjudicatory authority over the subject matter and persons governed by the judgment, qualifies for recognition throughout the land. For claim and issue preclusion (res judicata) purposes, in other words, the judgment of the rendering State gains nationwide force." *Baker v. General Motors Corp.*, 522 U.S. 222, 233, 118 S.Ct. 657, 139 L.Ed.2d 580 (1998). *Accord Palmer & Cay, Inc. v. Marsh & McLennan Companies, Inc.*, 404 F.3d 1297, 1309 (11th Cir.2005). Accordingly, any court would be bound by res judicata or full faith and credit requirements to give conclusive and preclusive effect to the Judgment. Similarly, any credit reporting agency or other authoritative entity also would assume the validity of a final judgment. *See e.g., Henson v. CSC Credit Services*, 29 F.3d 280, 286 (7th Cir.1994) (holding that "the credit reporting agency may rely on the accuracy of public court documents in preparing a credit report without being subject to liability under the FCRA.").

Even if the laws of res judicata result in the Judgment being entitled to an assumption of validity, rendering the Letters truthful, defendants' omission of the limiting language may nevertheless constitute violations of 15 U.S.C. §§ 1692g and 1692e. The FDCPA is clear that the consumer's right to dispute under § 1692g(a)(3) extends to judgments, not just prejudgment debts, as articulated by the next sentence of the statute. More specifically, § 1692g(a)(4) requires the debt collector to provide a copy of "verification of the debt or a copy of a judgment" upon receipt of the dispute. The FDCPA is also clear that "[t]he failure of a consumer to dispute the validity of a debt under this section may not be construed by any court as an admission of liability by the consumer." 15 U.S.C. § 1692g(c). Whether or not the Judgment must be assumed to be valid by the court and other authorities, the statute requires the notice to expressly limit the assumption of the validity to only the debt collector. Defendants failed to do so.

"[I]n reading a statute, [the court must] assume all language has a purpose. Thus, the language of the "debt collector" in each section must have a purpose." *Galuska v. Collectors Training Institute of Illinois, Inc.*, No. 3:07–CV–2044, 2008 WL 2050809, at *5 (M.D.Pa. May 13, 2008). By including the term "by the debt collector," § 1692g(a)(3) expressly intended the notice to convey the specific validation limitation to the consumer. In other words, the statute intended the consumer to receive the message that the debt would be assumed valid by only the debt collector and only for collection purposes. "The statutorily required validation notice is intended to convey to the consumer that failure to dispute the debt permits the debt collector to proceed for collection purposes on the 'temporary fiction' that the debt is valid[, that f]ailure to dispute a debt has no legal effect on a debtor's rights ... [and that i]n any subsequent collection action, the bur-

den would remain on the debt collector ... to prove the validity of the debt." *Harlan v. NRA Group, LLC,* Civil Action No. 10–cv–0324, 2011 WL 500024, at *4 (E.D.Pa. Feb. 9, 2011). Thus, it is irrelevant whether the assumption of the debt validation in fact would be limited to the debt collector or would be warranted as to other authorities. Even if the omission of the terms at issue did not result in the notice being inaccurate, it may have resulted in the notice being confusing and misleading in light of the statutory purpose.

As defendants correctly argue, there is no requirement in the FDCPA that a debt collector quote the statute's language verbatim. *See Emanuel v. Am. Credit Exch.,* 870 F.2d 805, 808 (2d Cir.1989) (rejecting plaintiff's argument that collection letter was deficient, the court held "there is simply no requirement that the letter quote verbatim the language of the statute."). "When reviewing a debt validation notice, [the court] must review the document as a whole in order to evaluate whether the notice would inform sufficiently a least sophisticated debtor of his debt validation rights." *Smith v. Hecker,* No. Civ. A. 04–5820, 2005 WL 894812, at *6 (E.D.Pa. April 18, 2005). "The test for whether the collection letter violates § 1692g is whether the letter, taken as a whole, would confuse the unsophisticated consumer about his or her rights." *Farley v. Diversified Collection Servs., Inc.,* No. 98–2108, 1999 WL 965496, at *3 (N.D.Ill. September 30, 1999). "Congress included the debt validation provisions in order to guarantee that consumers would receive adequate notice of their legal rights." *Miller v. Payco–General American Credits, Inc.,* 943 F.2d 482, 484 (4th Cir.1991).

A reading of the Letters in their entirety does not inform plaintiff that his debt will be assumed to be valid by the debt collector. In fact, there is no language in the Letters that identifies the person or entity that will assume the debt to be valid. "Defendants' omission of language indicating that it is the debt collector that will assume the validity of the debt ... fuels the confusion. Though [d]efendants need not use the verbiage 'by the debt collector,' courts have held that they must include some language that makes clear it is only the debt collector that may assume validity and only for collection purposes; otherwise the debtor is left uncertain about what entity will make the assumption and for what purpose." *Harlan,* 2011 WL 500024, at *3. "When read in the context of the entire [Letters], the phrase 'will be [assumed] valid' and the subsequent omission of any reference to the entity that will be '[assuming]' the debt [might] confuse or mislead the least sophisticated debtor into believing that her debt would be determined to be valid by an entity of authority [other than the debt collector]." *Smith,* 2005 WL 894812, at *6. Therefore, the court cannot conclude at this time that the omission was not material or harmless. The court concludes that defendants' failure to include "by the debt collector" or its equivalent is sufficient to allege a claim for which relief may be granted.

Defendants then contend that plaintiff failed to state a claim because he did not allege that the Letters were either the "initial communication" with him or were sent within five days after the "initial communication." The notice requirements of 15 U.S.C. § 1692g(a) are germane only in connection with the debt collector's "initial communication" with a consumer and are irrelevant to any subsequent communication by the debt collector. *See e.g., Peterson v. Portfolio Recovery Assocs., LLC,* 430 Fed.Appx. 112, 114–15 (3rd Cir.2011). While plaintiff did not allege that the Letters were the "initial communication," he did allege that the Letters were the only written communications from defendants. (Compl. ¶ 22.) Furthermore, plaintiff does

not allege that there were any other forms of communications prior to the Letters. Accordingly, the court finds that plaintiff's complaint, though not a model of clarity, alleges sufficient facts to support a reasonable inference that the Letters were the "initial communications." *See Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (holding that a plaintiff must plead facts to support a reasonable inference that defendants are liable for the misconduct alleged).

## III. Conclusion

For the foregoing reasons, the court hereby **DENIES** defendants' motion to dismiss [8].

**IT IS SO ORDERED.**