Tunde Julius IYAMU, Plaintiff,

v.

CLARFIELD, OKON, SALOMONE, & PINCUS, P.L., f/k/a Clarfield, Okon, Salomone & Pincus, P.A., and Kenneth L. Salomone, individually, Defendants.

Case No. 12–62371–CV.

United States District Court, S.D. Florida.

June 24, 2013.

Leo Wassner Desmond, Vero Beach, FL, Scott David Owens, Hallandale, FL, for Plaintiff.

Kenneth Scott Pollock, Shendell & Pollock, P.L., Boca Raton, FL, for Defendants.

### ORDER DENYING DEFENDANTS' MOTION TO DISMISS CLASS ACTION COMPLAINT [ECF No. 20]

ALAN S. GOLD, District Judge.

This cause is before the Court upon Defendants' Motion to Dismiss Class Action Complaint ("Motion") [ECF No. 20], filed March 18, 2013. Plaintiff filed a Response and Memorandum of Law in Opposition to Defendants' Motion to Dismiss Class Action Complaint [ECF No. 25], and Defendants filed a Reply to Plaintiff's Response [ECF No. 28]. For the reasons stated herein, I deny Defendants' Motion.

### I. Background [1]

Plaintiff Tunde Julius Iyamu is a citizen of the state of Florida residing in Indian River County, Florida. [ECF No. 1, at ¶ 3]. Defendant Clarfield, Okon, Salomone, & Pincus, P.L. ("Clarfield") is a Florida Professional Association and law firm engaged in the business of collecting consumer debts, [Id. at ¶ 4], and Defendant Kenneth L. Salomone ("Salomone") is an attorney and member of the Florida Bar. [Id. at ¶ 5]. Defendants regularly use the mail and telephone in a business that focuses primarily on the collection of debts [Id. at ¶ 6] and are debt collectors as that term is defined by the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 ("FDCPA"). [Id. at ¶ 7].

Defendants sought to collect a debt from Plaintiff. [Id. at ¶ 11]. On January 16, 2012, Defendants sent Plaintiff a demand letter stating, inter alia, that Plaintiff was delinquent in his loan payments to One Main Financial, Inc. [Id. at ¶¶ 12, 13]. The letter was the Defendants' first communication with Plaintiff regarding the debt and included a statement that is different from the statement specified in 15 U.S.C. § 1692g(a)(3). [Id. at ¶¶ 15, 17, 18]. Instead of writing, "unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector," Defendants wrote, "[i]f the debtor fails to dispute the debt within thirty (30) days, the debt will be assumed valid by the creditor." [Id. at ¶ 15, 18] (emphasis added).

Plaintiff filed a complaint against Defendants on December 2, 2012, alleging Defendants' debt collection letter violated the Fair Debt Collection Practices Act. [ECF No. 1]. Plaintiff contends Defendants' replacement of the phrase "debt collector"

---

1. The facts alleged in Plaintiff's Complaint [ECF No. 1] are taken as true for purposes of resolving Defendants' Motion to Dismiss, see Maradiaga v. United States, 679 F.3d 1286, 1291 (11th Cir.2012) (citation omitted), and my inquiry "is limited primarily to the face of the complaint and attachments thereto." Brooks v. Blue Cross and Blue Shield of Fla., Inc., 116 F.3d 1364, 1368 (11th Cir.1997).

with the word "creditor" resulted in the letter being "deceptive" in violation of the FDCPA. [*Id.* at ¶ 29]. Plaintiff argues he is entitled to statutory damages under the FDCPA [*Id.* at ¶ 30], and moves to certify a class action against Defendants under Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3). [*Id.* at ¶¶ 21–27].

Defendants filed a Motion to Dismiss on March 18, 2013, arguing Plaintiffs complaint must be dismissed because (1) Defendants' debt collection letter was not misleading and therefore did not violate the FDCPA, (2) Plaintiff cannot raise a claim against Salomone because Plaintiff failed to pierce the corporate veil of Clarfield, and (3) Plaintiff's class action allegations are "legally insufficient" because they fail to satisfy the requirements of Southern District of Florida Local Rules 23.1(b)(2)(A) and 23.1(b)(2)(D) and Federal Rule of Civil Procedure 23(b)(2). [ECF No. 20]. As explained below, I deny the Motion to Dismiss.

## II. Analysis

### A. Fair Debt Collection Practices Act

■ The Fair Debt Collection Practices Act "prohibits a 'debt collector' from using a 'false, deceptive, or misleading representation or means in connection with the collection of any debt.'" *Reese v. Ellis, Painter, Ratterree & Adams, LLP,* 678 F.3d 1211, 1216 (11th Cir.2012) (quoting 15 U.S.C. § 1692e). To prevail on a claim under the FDCPA, a plaintiff must prove "(1) the plaintiff has been the object of collection activity arising from a consumer debt; (2) the defendant is a debt collector as defined by the FDCPA and (3) the defendant has engaged in an act or omission prohibited by the FDCPA."[2] *Koch v. Atkinson, Diner, Stone, Mankuta, & Plou-*

*cha, P.A.,* No. 11–80894, 2011 WL 4499100, at *2 (S.D.Fla. September 27, 2011) (citations omitted).

■ The FDCPA protects debtors from abusive debt collection practices by, *inter alia,* regulating the content of written communications between debt collectors and debtors. 15 U.S.C. § 1692g(a); *see also* 15 U.S.C. § 1692(e). The FDCPA requires debt collectors to provide written notice of certain information associated with debt collection, including, for example, "the amount of the debt" and "the name of the creditor to whom the debt is owed." 15 U.S.C. § 1692g(a)(1)-(5). The FDCPA also states the notice shall include "a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the *debt collector.*" 15 U.S.C. § 1692g(a)(5) (emphasis added). Although "there is no requirement in the FDCPA that a debt collector quote the statute's language verbatim," *Orr v. Westport Recovery Corp.,* No. 12–CV–187, 941 F.Supp.2d 1377, 1382, 2013 WL 1729578, at *5–6 (N.D.Ga. April 16, 2013) (citation omitted), a debt collector violates the FDCPA if a debt collection notice would mislead the "least-sophisticated consumer." *LeBlanc v. Unifund CCR Partners,* 601 F.3d 1185, 1194 (11th Cir.2010); *Jeter v. Credit Bureau, Inc.,* 760 F.2d 1168, 1172–75 (11th Cir.1985).

Neither party has cited, and upon independent review, this Court has not found, any case law discussing whether replacing the phrase "debt collector" with the word "creditor" misleads the least-sophisticated consumer. A number of courts have concluded that *omitting* the phrase "debt collector" in a debt collection notice could

---

**2.** Defendants concede in their Motion to Dismiss that Plaintiff has adequately alleged (1) Plaintiff has been the object of collection activity arising from a consumer debt and (2) Defendants are debt collectors as defined by the FDCPA. [ECF No. 20, at 3].

mislead the least-sophisticated consumer and violate the FDCPA. *See Orr,* 941 F.Supp.2d at 1381–83, 2013 WL 1729578, at *5–6; *Koch,* 2011 WL 4499100, at *3; *Guerrero v. Absolute Collection Serv., Inc.,* No. 11–02427, 2011 WL 8183860, at *4 (N.D.Ga. October 6, 2011); *Philip v. Sardo & Batista, P.C.,* No. 11–4773, 2011 WL 5513201, at *4–5 (D.N.J. November 10, 2011); *Harlan v. NRA Grp., LLC,* No. 10–0324, 2011 WL 500024, at *3 (E.D.Pa. Feb. 9, 2011); *Pierce v. Carrington Recovery Servs., LLC,* No. 09–0787, 2009 WL 2525465, at *1–3 (W.D.Pa. August 17, 2009); *Galuska v. Collectors Training Inst. of Ill., Inc.,* No. 07–2044, 2008 WL 2050809, at *3–6 (M.D.Pa. May 13, 2008); *Nelson v. Select Fin. Servs., Inc.,* 430 F.Supp.2d 455, 457–458 (E.D.Pa.2006); *Smith v. Hecker,* No. 04–5820, 2005 WL 894812, at *6 (E.D.Pa. Apr. 18, 2005). These courts conclude the phrase "debt collector" serves an important and meaningful purpose in a debt collection notice by conveying the specific entity that is entitled to assume a debtor's debt is valid for purposes of collection. As explained by the court in *Orr v. Westport Recovery Corp.*:

> By including the term 'by the debt collector,' § 1692g(a)(3) expressly intended the notice to convey the specific validation limitation to the consumer. In other words, the statute intended the consumer to receive the message that the debt would be assumed valid by only the debt collector and only for collection purposes. The statutorily required validation notice is intended to convey to the consumer that failure to dispute the debt permits the debt collector to proceed for collection purposes on the tem-

porary fiction that the debt is valid, that failure to dispute a debt has no legal effect on a debtor's rights and that in any subsequent collection action, the burden would remain on the debt collector to prove the validity of the debt.

941 F.Supp.2d at 1381–82, 2013 WL 1729578, at *5–6 (citations, alterations, and quotation marks omitted).

I adopt the reasoning of these district courts and conclude replacing the phrase "debt collector" with the word "creditor" could mislead the least-sophisticated consumer. Without the phrase "debt collector," it is possible that the consumer would not know that the debt collector is the only entity entitled to assume the validity of the debt, or that collection is based on a temporary fiction that the debt is valid. Indeed, the consumer could believe that, if he does not respond, the creditor, as opposed to the debt collector, would presume the debt to be valid.[3] *See Clomon v. Jackson,* 988 F.2d 1314, 1319 (2d Cir.1993) ("[C]ourts have held that collection notices can be deceptive if they are open to more than one reasonable interpretation, at least one of which is inaccurate."), *cited with approval in LeBlanc v. Unifund CCR Partners,* 601 F.3d 1185 (11th Cir.2010). Accordingly, I conclude changing the term "debt collector" to "creditor" may be deceptive to the consumer, and Plaintiff has sufficiently alleged an FDCPA violation.

## B. FDCPA Claim Against Salomone

I next conclude Plaintiff adequately pled a claim against individual Defendant Salomone. Defendants argue that Salomone is protected from individual liability

---

**3.** *Kinkaid v. Allied Interstate, LLC,* No. 11–2288, 2012 WL 1574232 (M.D.Fla. May 3, 2012), relied upon by Defendants [ECF No. 28, at 5], is readily distinguishable. First, the debt collection letter in *Kinkaid* replaced the phrase "debt collector" with the pronoun "we" (as opposed to "the creditor"). Further, the letter added language stating the dispute must be "in writing," and, in its analysis, the *Kinkaid* court focused on whether the "in writing" addition was confusing.

because Plaintiff has not alleged facts to pierce the corporate veil and extend liability to Salomone, and, in the alternative Plaintiff has not adequately alleged that Salomone is a debt collector.[4]

■ The FDCPA defines the term "debt collector" to include "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). The Supreme Court has interpreted this definition to include lawyers who regularly engage in consumer debt collection activity. *Heintz v. Jenkins,* 514 U.S. 291, 299, 115 S.Ct. 1489, 131 L.Ed.2d 395 (1995). Accordingly, Plaintiff need not pierce Clarfield's corporate veil for Salomone to be held liable under the FDCPA.

Turning to whether Plaintiff adequately alleged Salomone is a debt collector, "[t]here is no requirement in the FDCPA that the facts to support the allegation that a party is a debt collector be pled with particularity." *Carter v. Daniels,* 91 Fed. Appx. 83, 85–86 (10th Cir.2004). Accordingly, Plaintiff's allegations that Salomone "regularly collect[s] or attempt[s] to collect debts" and is a "debt collector" [ECF No. 1, at ¶ 7] are sufficient to withstand a motion to dismiss. *See id.* (allegation that an attorney "is a debt collector" is sufficient to survive a motion to dismiss); *Brussels v. David E. Newman, P.A.,* No. 06–61325, 2007 WL 676189, at *1 (S.D.Fla. February 28, 2007) (same).

### C. Class Action

■ Finally, I turn to Defendants' argument that Plaintiff's class action must be dismissed for failure to satisfy Southern District of Florida Rules 23.1(b)(2)(A) and 23.1(b)(2)(D), and because Plaintiff does not seek declaratory relief and therefore may not pursue a class action under Federal Rule of Civil Procedure 23(b)(2). [ECF No. 20, at 10]. Upon review of the allegations pertaining to the class [ECF No. 1, at ¶¶ 21–27],[5] I conclude it is premature to dismiss the class action at this juncture. *See United States v. Spiegel,* 604 F.2d 961, 971 (11th Cir.1979) (compliance with local rules of the district is "a matter for the court's discretion"); *Woods v. DeAngelo Marine Exhaust, Inc.,* 692 F.3d 1272, 1280 (Fed.Cir.2012) ("The district court has considerable discretion in overseeing compliance with the Federal Rules of Civil Procedure...."). Discovery has just commenced, *see* [ECF No. 29], and Defendants' arguments regarding the class action are better suited to an opposition for class certification. *See Oginski v. Paragon Props. of Costa Rica, LLC,* No. 10–21720, 2011 WL 3489541, at *3 (S.D.Fla. August 9, 2011) (noting dismissal of complaint at the pleading stage "is an extreme remedy appropriate only where a defendant demonstrates 'from the face of [the] complaint that it will be impossible to certify the classes alleged by the plaintiff[ ] regardless of the facts the plaintiff[ ] may be able to prove.'"); *Romano v. Motorola, Inc.,* No. 07–60517, 2007 WL 4199781, at *2 (S.D.Fla. November 26, 2007) (same); *see also* S.D. Fla. L.R. 23.1(c) (permitting district court to postpone ruling on a mo-

---

4. After conceding in the Motion to Dismiss that Plaintiff adequately alleged all Defendants were debt collectors [ECF No. 20, at 3], Defendants contend for the first time in their Reply [ECF No. 28, at 6] that Plaintiff insufficiently alleged Defendant Salomone is a debt collector.

5. In seeking certification under Rule 23(b)(2), Plaintiff alleges "Defendants have acted on grounds generally applicable to the class thereby making appropriate declaratory relief with respect to the class as whole." [ECF No. 1, at ¶ 27].

tion for class certification pending "discovery or such other preliminary procedures as appear to be appropriate and necessary in the circumstances."). For the foregoing reasons, it is ORDERED AND ADJUDGED as follows:

Defendants' Motion to Dismiss Class Action Complaint [ECF No. 20] is **DENIED.**