Dudley **KINLOCK**, Plaintiff–Appellant,

v.

**WELLS FARGO BANK, N.A., Wells Fargo Bank, N.A., d.b.a. Premiere Assets Services, Wells Fargo Bank, N.A., d.b.a. Wells Fargo Home Mortgage, Adam Prince, All Prime Realty Inc., John Does 1–100, Defendants–Appellees.**

No. 15–12867
Non–Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Feb. 26, 2016.

---

Dudley Kinlock, Plantation, FL, pro se.

Kimberly S. Mello, Jonathan S. Tannen, Greenberg Traurig, PA, Tampa, FL, Brandon Leon, Michele L. Stocker, Greenberg Traurig, PA, Fort Lauderdale, FL, Charles Edward Cartwright, Gonzalez & Cartwright, PA, Lake Worth, FL, for Defendants–Appellees.

---

Before TJOFLAT, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Pursuant to Federal Rule of Civil Procedure 12(b)(6), the District Court dismissed without leave to appeal Dudley Kinlock's *pro se* amended complaint alleging claims under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, and the Florida Consumer Collection Practices Act (FCCPA), FLA. STAT. § 559.72. He appeals *pro se* this disposition. We affirm.

In brief, the salient facts, as alleged in the amended complaint and depicted in the attachments thereto, are these. Wells Fargo Bank, N.A., d/b/a Premier Asset Services ("Wells Fargo"), was the servicer on a loan UBS Warburg Real Estate Securities, Inc. ("UBS") made to Kinlock, which was secured by his residence. Kinlock defaulted, and UBS foreclosed, in November 2009. After several delays, including the filing and administration of Kinlock's petition for bankruptcy relief,[1] the property was sold in a foreclosure sale in November 2013. A writ of possession issued in August 2014.

After the property was sold, Adam Prince, on behalf of Wells Fargo, left a letter in Kinlock's mail box offering various sums of financial assistance if he vacated the property by a date certain.[2] Prince returned to the residence the next day and posted the letter on the front door, and the day after that sent the letter to Kinlock via registered mail.

The FDCPA imposes civil liability on "debt collectors" for certain prohibited

---

1. Kinlock has received a discharge of his debts from the bankruptcy court.

2. The letter asked Kinlock to select one of the following:

$10,000 to move by 03/12/14
$6,360 to move by 03/22/14
$4,550 to move by 04/01/14
$2,730 to move by 04/11/14

debt-collection practices. *Harris v. Liberty Cmty. Mgmt., Inc.,* 702 F.3d 1298, 1299 (11th Cir.2012). In order to state a plausible FDCPA claim, "a plaintiff must allege, among other things, (1) that the defendant is a debt collector and (2) that the challenged conduct is related to debt collection." *Reese v. Ellis, Painter & Adams LLP,* 678 F.3d 1211, 1215 (11th Cir.2012)(quotation omitted). The FDCPA and the FCCPA, Florida's analogue to the FDCPA, have certain parallels, as both relate to consumer protection against creditors, and include nearly identical definitions of "communication," "debt," and "debt collector." *LeBlanc v. Unifund CCR Partners,* 601 F.3d 1185, 1191–91 (11th Cir.2010); 15 U.S.C. §§ 1692a(2), (5)-(6); FLA. STAT. §§ 559.55(2), (6)-(7).[3]

The FDCPA and FCCPA define a "debt collector," in relevant part, as one who engages "in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6); FLA. STAT. § 559.55(7); *Harris,* 702 F.3d at 1302.

The FDCPA prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. When determining whether a letter is "in connection with the collection of any debt," courts look to the language of the letter, specifically to statements that demand payment and mention additional fees if payment is not tendered. *Caceres v. McCalla Raymer, LLC,* 755 F.3d 1299, 1302 (11th Cir.2014); *see also Reese,* 678 F.3d at 1217. A demand for payment need not be express. A demand may be implicit. An example of the latter

is a letter that indicates that it is being sent to collect a debt, states the amount of the debt, describes how the debt may be paid, and provides the address to which the payment should be sent and a phone number. *Caceres,* 755 F.3d at 1303 n. 2.

The FCCPA prohibits anyone, in the course of collecting debts, from using threats or force, and from disclosing information concerning the existence of a debt known to be reasonably disputed. FLA. STAT. §§ 559.72(2), (6). "Debt" is defined as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." FLA. STAT. § 559.55(6).

The facts alleged in Kinlock's amended complaint, which we accept as true, fail to state a claim against Wells Fargo or any of the others Kinlock sued. Wells Fargo offered to provide him funds if he would vacate the property. While a demand for payment need not be express to fall under the protections of the FDCPA, the facts alleged show no demand of any sort. *Caceres,* 755 F.3d at 1303 n. 2. In short, Kinlock failed to plead facts sufficient to sustain an FDCPA claim. *Reese,* 678 F.3d at 1215.

As to his FCCPA claim, the amended complaint fails to allege facts showing that Wells Fargo was collecting a consumer debt, as defined in the FCCPA. *See* FLA. STAT. §§ 559.55, 559.72. All the facts show is that Wells Fargo, through Adam Prince, attempted to leave notices informing him that he was eligible to receive financial

---

**3.** The FCCPA therefore states that when a court applies its provisions, "great weight shall be given to the interpretations of ... the federal courts relating to the federal Fair Debt Collection Practices Act." FLA. STAT. § 559.77(5).

relocation assistance. Kinlock did not allege that anyone ever asked him for payment for a debt, or told him he had an obligation to pay Wells Fargo for a debt.

Linlock argues that the district court abused its discretion in failing to grant him leave to file a second amended complaint. The argument is frivolous. Filing a second amended complaint would be a futile exercise.

AFFIRMED.