[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-15940
Non-Argument Calendar
_____

D.C. Docket No. 9:16-cv-80341-JIC

LAURA EDSTROM-SMITH,
individually, and on behalf of others similarly situated,

Plaintiff-Appellant,

versus

KASS SHULER, P.A.,
a Florida professional service corporation,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(February 21, 2017)

Before HULL, WILSON and WILLIAM PRYOR, Circuit Judges.

PER CURIAM:

Laura Edstrom-Smith appeals the dismissal of her complaint that Kass Shuler, P.A., included a false or misleading statement in a complaint to collect an outstanding debt, in violation of the Fair Debt Collection Practices Act, *see* 15 U.S.C. § 1692e. The district court dismissed with prejudice Edstrom-Smith's complaint for failure to state a claim. Fed. R. Civ. P. 12(b)(6). We affirm.

Shuler, as counsel for Suncoast Credit Union, filed in a Florida court a complaint against Edstrom-Smith for an amount owed on a loan. Between the factual allegations and the prayer for relief, the state complaint contained the following "Notice Under Fair Debt Collection Practices Act":

> Pursuant to Title 15 United States Code Section 1692, Plaintiff is providing the following notice:
> a) The amount of the debt is contained in this Complaint;
> b) The Creditor to whom the debt is owed is the Plaintiff in this lawsuit;
> c) Unless this debt, or any portion thereof, is disputed within thirty days after receipt of this notice, the debt will be assumed to be valid by the Plaintiff;
> d) If a consumer notifies the undersigned within the thirty day period that the debt, or any portion thereof, is disputed, the undersigned will obtain verification of the debt and a copy of such verification will be mailed to such consumer;
> e) Upon a consumer's written request within the thirty-day period, the undersigned will provide the consumer with the name and address of the original creditor, if different from the current creditor.

Edstrom-Smith then filed this federal civil action and alleged that the notice was "superfluous" and made the state complaint "confusing," in violation of "15 U.S.C. § 1692e, generally, and specifically, § 1692e(10)." The notice, Edstrom-

2

Smith alleged, led consumers to "belie[ve] that . . . they can simply notify the Defendant that they dispute the debt and the Defendant must cease all collection activity." Edstrom-Smith also alleged that the notice "overshadow[ed] the necessity of filing a response to the Complaint with the Court, thus paving the way for Defendant to obtain a default judgment . . . [while] the consumer remains under the mistaken belief that by disputing the debt, she needed do nothing more until verification [of the debt] is received."

We review *de novo* the dismissal of a complaint for failure to state a claim. *Vega v. McKay*, 351 F.3d 1334, 1336 (11th Cir. 2003). We accept all allegations in the complaint as true and construe them in the light most favorable to the plaintiff. *Bourff v. Rubin Lublin, LLC*, 674 F.3d 1238, 1240 (11th Cir. 2012). Dismissal for failure to state a claim is appropriate if the facts pleaded fail to state a claim for relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The district court did not err by dismissing Edstrom-Smith's complaint. To violate the Debt Collection Act, the notice had to "tend to mislead the least sophisticated consumer," *Caceres v. McCalla Raymer, LLC*, 755 F.3d 1299, 1303 (11th Cir. 2014). Under that test, we "presume[] . . . [that the consumer] possess[es] a rudimentary amount of information about the world and a willingness to read . . . [the communication] with some care." *Id.* (quoting *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1194 (11th Cir. 2010)). The notice described what

actions Suncoast and Shuler would take in response to Edstrom-Smith's conduct. If she disputed the debt or inquired about its assignment, Shuler would provide a copy of the verification of the debt and information about the original creditor. The notice did not address the manner or timing of filing an answer to the state complaint. And the notice did not "use . . . any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning" Edstrom-Smith. *See* 15 U.S.C. § 1692e(10).

Edstrom-Smith argues that her federal complaint states a claim under the Debt Collection Act in two ways, but both of her arguments fail. First, Edstrom-Smith argues that adding the notice to the state complaint violates section 1692g, but as the district court ruled, that argument is different from the "alleg[ation] in her Complaint" that the notice was confusing under section 1692e. *See Ochran v. United States*, 117 F.3d 495, 507 (11th Cir. 1997). And nothing in the Act prohibited the inclusion of the notice in the state complaint. Second, Edstrom-Smith argues that "the least sophisticated consumer could readily take the Notice Language . . . [to mean] that failure to dispute the debt will result in the court assuming the debt to be valid," but we will not consider a theory of liability that Edstrom-Smith raises for the first time on appeal, *see Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1331–32 (11th Cir. 2004). In any event, the notice

4

states plainly that "the debt will be assumed to be valid by the *Plaintiff,*" not the

district court.

We **AFFIRM** the dismissal of Edstrom-Smith's complaint.