WILLIAM J. ZLOCH, Sr. United States District Judge
THIS MATTER is before the Court upon Defendant Select Portfolio Servicing, Inc.'s, Motion To Dismiss Plaintiff's Complaint (DE 10). The Court has carefully reviewed said Motion, the entire court file and is otherwise fully advised in the premises.
Plaintiff Lonny Lear (hereinafter "Plaintiff") initiated the above-styled cause with the filing of his Complaint (DE 1). In Counts I and III of said Complaint, Plaintiff alleges that Defendant Select Portfolio Servicing, Inc. (hereinafter "Defendant"), violated the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 et seq. (hereinafter "FCCPA"), and the Federal Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. (hereinafter "FDCPA"), respectively, by sending mortgage statements to Plaintiff after being informed that Plaintiff was represented by counsel in regard to the mortgage debt. By prior Order (DE 24), the Court declined to exercise supplemental jurisdiction over Count II of the Complaint (DE 1).
In the instant Motion (DE 10), Defendant claims that Plaintiff's remaining claims must be dismissed for two reasons. Defendant contends that it was required to send the mortgage statements at issue by the Truth In Lending Act, which does not conflict with the FDCPA, and Defendant argues, preempts the FCCPA. In addition, Defendant argues that the statements at issue do not constitute debt collection communications *1239 and therefore do not violate the FDCPA and FCCPA.
The FCCPA and the FDCPA both prohibit the sending of debt collection communications to a debtor if the sender has been notified that the debtor is being represented by counsel in regards to the debt. In relevant part, the FCCPA provides that, in the collection of debts, the following is unlawful:
[To] [c]ommunicate with a debtor if the person knows that the debtor is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the debtor's attorney fails to respond within 30 days to a communication from the person, unless the debtor's attorney consents to a direct communication with the debtor, or unless the debtor initiates the communication.
Fla. Stat. § 559.72(18). Similarly, the FDCPA provides:
Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt-
(2) if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer
15 U.S.C. § 1692c(a). The statutes are largely identical and "the FCCPA is construed in accordance with the FDCPA." Lilly v. Bayview Loan Servicing, LLC, No: 2:17-cv-00345, 2017 WL 4410040 at *2 (M.D. Fla. 2017) (citing Oppenheim v. I.C. System, Inc., 627 F.3d 833, 839 (11th Cir. 2010) ).
In the above-styled cause, Defendant was advised that Plaintiff was represented by counsel as to a mortgage debt and was provided with the name and address of Plaintiff's counsel but continued to send mortgage statements to Plaintiff. In the instant Motion (DE 10), Defendant argues that it was legally required to send those mortgage statements under the Truth In Lending Act. The Truth In Lending Act, 15 U.S.C. § 1601, et seq. (hereinafter "TILA"), requires the servicer of a mortgage to send periodic statements to the consumer that include, among other items, the amount due. See 12 C.F.R. § 1026.41. However, the servicer is not required to include a demand for payment in those statements. See id.
A loan servicer must perform its duties under TILA, but a periodic statement that is sent pursuant to TILA may violate the FCCPA and FDCPA, causing the servicer to be liable under the latter statutes. The mere fact that a periodic statement complies with TILA does not exonerate the sender because "[a] communication can have more than one purpose, for example, providing information to a debtor as well [as] collecting a debt." Pinson v. Albertelli Law Partners, LLC, 618 Fed.Appx. 551, 553 (11th Cir. 2015) (citations omitted). The relevant provisions of the FCCPA and FDCPA are concerned with debt collection activity, which in periodic statements is indicated by "debt collection language." Brown v. Select Portfolio Serviving, Inc., No. 16-62999, 2017 WL 1157253, at *3 (S.D. Fla. March 24, 2017) (quoting Kelliher v. Target Nat. Bank, 826 F.Supp.2d 1324, 1328 (M.D. Fla. 2011) ). It is entirely possible to send a communication pursuant to TILA that does not contain such language, so, contrary to Defendant's argument, TILA does *1240 not preempt the FCCPA. See Kelliher, 826 F.Supp.2d at 1329 (holding that the FCCPA is not preempted by TILA). The fact that TILA requires Defendant to send Plaintiff periodic statements does not mean that Plaintiff's claims fail as a matter of law.
Periodic statements sent pursuant to TILA do not violate the FCCPA and FDCPA where they are not aimed at debt collection, and in the instant Motion (DE 10), Defendant argues that its sending of mortgage statements to Plaintiff does not constitute debt collection activity. To evaluate Defendant's claim, the Court looks to the Eleventh Circuit's opinion in Pinson:
[W]hen determining whether a communication is "in connection with the collection of any debt," courts should look to the language of the letters in question, specifically to statements that demand payment, discuss additional fees if payment is not tendered, and disclose that the [sender] was attempting to collect a debt and was acting as a debt collector.
618 Fed.Appx. at 553 (citing Caceres v. McCalla Raymer, LLC, 755 F.3d 1299, 1302 (11th Cir. 2014) ). The Eleventh Circuit adds:
A demand for payment need not be express; there may be an implicit demand for payment where the letter states the amount of the debt, describes how the debt may be paid, provides the phone number and address to send payment, and expressly states that the letter is for the purpose of collecting a debt.
Id. (citing Caceres, 755 F.3d at 1303 & n.2 ). It is under these guidelines that courts are to evaluate communications such as those at issue in the above-styled cause.
Plaintiff has attached to his Complaint (DE 1) the letter sent to notify Defendant that Plaintiff was represented by counsel as well as copies of five mortgage statements sent to Plaintiff by Defendant. See DE Nos. 1-3 & 1-4. An examination of the dates on the letter and the statements show that Defendant continued to send the statements to Plaintiff months after the notice letter was sent. Federal Rule Of Civil Procedure 10(c) provides that "[a] copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." Fed. R. Civ. P. 10(c). The letter and mortgage statements are part of the Complaint (DE 1) to which they are attached and are reviewed along with the text of said Complaint in the Court's consideration of the instant Motion (DE 10).
All five of the attached mortgage statements include instructions for paying by mail and each statement features a notice saying, "This is an attempt to collect a debt. All information obtained will be used for that purpose." See DE 1-4. This language would seem to indicate that the mortgage statements are debt collection communications.
The content of the mortgage statements sent by Defendant goes beyond that which is required by TILA, and the statements appear to be debt collection communications that violate the FCCPA and FDCPA. The legal claims in Plaintiff's Complaint (DE 1) do not fail as a matter of law.
Accordingly, after due consideration, it is
ORDERED AND ADJUDGED that Defendant Select Portfolio Servicing, Inc.'s, Motion To Dismiss Plaintiff's Complaint (DE 10) be and the same is hereby DENIED .
DONE AND ORDERED in Chambers at Fort Lauderdale, Broward County, Florida, this 25th day of April, 2018.