[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-12255
Non-Argument Calendar

_____

D.C. Docket No. 1:17-cv-00378-WKW-WC

MICHAEL LAIT,

Plaintiff-Appellant,

versus

MEDICAL DATA SYSTEMS, INC.,
d.b.a. Medical Revenue Services, Inc.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(November 9, 2018)

Before MARTIN, NEWSOM, and GRANT, Circuit Judges.

PER CURIAM:

Michael Lait appeals the district court's order dismissing his complaint for

failure to state a claim under § 1692g of the Fair Debt Collection Practices Act

(FDCPA).  That provision requires a debt collector to "send the consumer a written

notice containing" certain information—most relevant here, "the name of the creditor to whom the debt is owed . . . ."  15 U.S.C. § 1692g(a)(2).  Lait, the consumer in this case, contends that Medical Data Systems violated this requirement by sending him a debt collection letter that failed to meaningfully convey the name of his creditor, Medical Center Enterprise.  Because Lait failed to state a claim, we affirm the district court's order dismissing his complaint with prejudice.

I.

Lait's purported debt arose from personal medical services rendered by "Enterprise Medical Center" in 2015.  The following year, Medical Data Systems sent him a letter seeking to collect on that debt.  The letter, which Lait attached as an exhibit to his complaint, identifies Medical Data Systems, doing business as Medical Revenue Service, as "a collection agency" tasked with collecting the "account(s) indicated below."  After two intervening paragraphs, the letter lists "Medical Center Enterprise"[1] next to a service date, a patient name, and an outstanding balance of $412.  The letter does not, however, expressly refer to Medical Center Enterprise as Lait's "creditor."

---

[1] Lait does not allege that "Enterprise Medical Center" and "Medical Center Enterprise" are different entities or that this different word order in the collection letter caused him any confusion.

2

Lait sued Medical Data Systems under § 1692g contending that the firm failed to "meaningfully convey the name of the creditor to whom the debt is owed."  Medical Data Systems moved to dismiss, arguing that because its letter contained the name of Lait's creditor (Medical Center Enterprise) it met the requirements of the FDCPA, even though it did not apply the descriptive term "creditor."  The district court dismissed the complaint after applying the "least sophisticated consumer" standard, which, in this context, asks whether the least sophisticated consumer would likely understand the identity of the creditor after reading the debt collector's notice.  The district court found it implausible that the least sophisticated consumer, with Lait's background knowledge, would fail to grasp that Medical Center Enterprise was his creditor after reading the collection letter as a whole.

## II.

We review a district court's order granting a motion to dismiss under Fed. R. Civ. P. 12(b)(6) *de novo*.  *Miljkovic v. Shafritz & Dinkin, P.A.*, 791 F.3d 1291, 1296–1297 (11th Cir. 2015).  To that end, we must consider whether Lait's complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955 (2007)).  We also note that because Lait attached the collection letter as

3

an exhibit to his complaint, we review the letter as part of the complaint for Rule

12(b)(6) purposes.  *See Milikovic*, 791 F.3d at 1296 n.4.

Both the parties and the district court assumed that the "least sophisticated

consumer" standard applies here.  This Circuit has not decided whether courts

should evaluate the validity of a debt collector's notice under § 1692g with

reference to the least sophisticated consumer or simply assess the notice on its

own—that is, ascertain whether the notice contains the required information

without asking if the least sophisticated consumer would comprehend it.  But we

need not resolve that question here because Lait's complaint fails to state a claim

under the "least sophisticated consumer" standard and does not allege a violation

under any other standard.[2]

---

[2] That said, in deciding whether the standard should apply to other provisions of the FDCPA, we have considered whether compliance depends on "the consumer's relative sophistication."  *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1179 (11th Cir. 1985); *cf. LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1201 (11th Cir. 2010) (holding that the "least sophisticated consumer" standard applies to § 1692f because compliance depends, in part, on "the debtor's reaction" to the debt collector's actions).  In an unpublished opinion, a panel of this Court observed "no reason to disagree" with the other circuits that have applied the "least sophisticated consumer" standard to § 1692g.  *Leonard v. Zwicker & Assocs., P.C.*, 713 F. App'x 879, 882 n.2 (11th Cir. 2017).  Other circuits have applied the standard to § 1692g because, otherwise, a debt collector might undermine the statute's purpose by obfuscating the required information.  *See, e.g.*, *Russell v. Equifax A.R.S.*, 74 F.3d 30, 34 (2d Cir. 1996) ("This least-sophisticated-consumer standard best effectuates the Act's purpose . . . .").  Without dismissing that concern, we note that consumers may also be able to address that type of mischief through claims under 15 U.S.C. § 1692e, which prohibits debt collectors from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."  *See, e.g.*, *Clomon v. Jackson*, 988 F.2d 1314, 1319 (2d Cir. 1993) (courts "have found collection notices misleading where they employ formats or typefaces which tend to obscure important information that appears in the notice" (citation omitted)).

## III.

On appeal, Lait claims that the district court erred for two reasons. First, Lait argues that it is *plausible* that Medical Data Systems misidentified his creditor. The problem for Lait is that his complaint did not actually allege a misidentification. *See Spanish Broad. Sys. of Fla., Inc. v. Clear Channel Communications, Inc.*, 376 F.3d 1065, 1077 (11th Cir. 2004) (courts "must not assume plaintiffs can prove facts not alleged" (citation and internal punctuation omitted)). To be sure, as Lait himself argues, "it is always *conceivable* that a debt collector has misidentified the creditor . . . ." But the fact that a scenario is conceivable does not mean that it occurred, or, more crucial here, that a party alleged that it occurred. Lait thus needed to allege facts establishing that Medical Data Systems misidentified his creditor in order to nudge his claim "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570, 127 S. Ct. 1955. But he did not do so. Instead, he alleged that Medical Data Systems failed to *effectively convey* the name of the creditor. So his complaint disputed the effectiveness of the debt collection letter, not the accuracy of it. Lait's argument thus confuses the relevant inquiry. That may seem a narrow difference, but it is an important one; on a motion to dismiss, a court evaluates the plausibility of a *claim* based on the allegations in the complaint, *Iqbal*, 556 U.S. at 678, 129 S. Ct. 1937, not the plausibility of a scenario that, if alleged, might have supported the claim.

5

With Lait not having made a claim that Medical Data Systems misidentified his creditor, he cannot survive a motion to dismiss on that basis.

Second, Lait simply disagrees with the district court's conclusion that even the least sophisticated consumer would understand his creditor's identity.[3] We agree with the district court. Lait did not receive this letter in a vacuum; rather, he acknowledges that Medical Data Systems sent it to collect on a purported debt he incurred during treatment at a hospital called "Enterprise Medical Center." Armed with that knowledge, the least sophisticated consumer could be expected to connect the dots on a collection letter that lists the name "Medical Center Enterprise" next to an outstanding balance. A consumer who had been a patient at a hospital would surely understand the hospital to be the creditor when its name was listed next to the amount of the debt. As we have said, "'The least sophisticated consumer' can be presumed to possess a rudimentary amount of information about the world and a willingness to read a collection notice with some care." *LeBlanc*, 601 F.3d at 1194 (quoting *Clomon*, 988 F.2d at 1319).

Moreover, the only other entity referenced in the letter is Medical Data Systems, which explicitly identified itself as the collection agency. Given that "the

---

[3] Under the "least sophisticated consumer" standard, as in other cases, the Court must first decide whether the complaint states a plausible claim, even though the jury eventually is tasked with the ultimate question of whether a collection letter would deceive the least sophisticated consumer. *See Milikovic*, 791 F.3d at 1307–08 n.11.

debt collector is obviously the agent of the creditor," *Caceres v. McCalla Raymer, LLC*, 755 F.3d 1299, 1304 (11th Cir. 2014), as opposed to the creditor itself, there is no argument to be had that the least sophisticated consumer would think his creditor was anyone other than the hospital listed, Medical Center Enterprise. For these reasons, Lait has failed to state a claim under § 1692g.

**AFFIRMED.**