[PUBLISH]

In the

# United States Court of Appeals

For the Eleventh Circuit

_____

No. 20-14286

_____

CHARLES LAMIRAND,
TRACY LAMIRAND,

Plaintiffs-Appellants,

*versus*

FAY SERVICING, LLC,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 2:20-cv-00138-SPC-MRM

_____

Before JILL PRYOR, GRANT, and MARCUS, Circuit Judges.

GRANT, Circuit Judge:

One of the duties of courts is to resolve conflicts between the statutes that Congress enacts.  But that duty is not a license to ignore laws that Congress has crafted.  Instead, one statute displaces another only when the two clearly conflict—not when they simply regulate similar conduct.

Here, the asserted conflict is between the Fair Debt Collection Practices Act (FDCPA) and the Truth in Lending Act. The relevant provisions of the FDCPA prohibit a debt collector from using unfair debt-collection methods and from making false or misleading statements in connection with debt collection.  And the Truth in Lending Act requires mortgage-loan servicers to send clients "periodic statements" with information about their loans.

We see no conflict—a periodic statement can also be truthful and fair.  In fact, this Court recently harmonized the two statutes, holding that a periodic statement mandated by the Truth in Lending Act can also be a debt-collection communication covered by the FDCPA. *Daniels v. Select Portfolio Servicing, Inc.*, 34 F.4th 1260, 1263 (11th Cir. 2022).  Because the complaint here plausibly alleges that the periodic statements sent to the plaintiffs aimed to collect their debt, we reverse the district court's dismissal of their complaint.

## I.

Charles and Tracy Lamirand took out a mortgage loan to buy a home in Florida but did not keep up with the payments. After they defaulted, the loan servicer sued to foreclose on the home. While the foreclosure suit was pending, Fay Servicing took over the loan. A disagreement arose, leading the Lamirands to sue Fay Servicing. The parties soon settled both lawsuits and agreed that the Lamirands owed $85,790.99 on the loan, to be paid in one year.

But four months later, Fay Servicing sent the Lamirands a mortgage statement notifying them that their loan had "been accelerated" because they were "late on [their] monthly payments." On Fay Servicing's fast-tracked timetable, the Lamirands owed $92,789.55 to be paid in a month. If they did not pay, Fay Servicing's statement warned, they risked more fees and even "the loss of [their] home to a foreclosure sale." The statement then detailed many—many—ways that the Lamirands might pay.

Each month a new periodic statement arrived in the Lamirands' mailbox, with the due date one month later and the amount due ticking upward. And each month the statement bore the same warning—pay now or you might lose your home—along with the same reminders of the many ways to pay.

The statements distressed the Lamirands, who thought they needed to pay only $85,790.99 and make that payment by the date set in the settlement agreement. They eventually sued, alleging

that by sending the statements Fay Servicing had violated the FDCPA and Florida's Consumer Collection Practices Act. The district court disagreed, at least about Fay Servicing's liability under the FDCPA. The statute's relevant provisions, it reasoned, make a person liable only for conduct "related to debt collection." *Lamirand v. Fay Servicing, LLC*, No. 20-cv-138, 2020 WL 6134356, at *3 (M.D. Fla. Oct. 19, 2020) (quoting *Reese v. Ellis, Painter, Ratterree & Adams, LLP*, 678 F.3d 1211, 1216 (11th Cir. 2012)). To the district court, the periodic statements were unrelated to debt collection—even though they urged the Lamirands to make their past-due loan payments—because Fay Servicing was required to send monthly updates under the Truth in Lending Act. The court thus held that the Lamirands had not stated an FDCPA claim, declined to exercise supplemental jurisdiction over the Florida law claims, and dismissed the complaint. This appeal followed.

While the appeal was pending, this Court explained in *Daniels v. Select Portfolio Servicing* that courts "must try to give meaning to both" the FDCPA and the Truth in Lending Act. 34 F.4th at 1269. After examining both the language and context of the periodic statements in that case, we held that the plaintiffs had stated an FDCPA claim. *See id.* at 1268–69, 1274. We now address whether the Lamirands likewise have plausibly alleged that Fay Servicing's periodic statements were "attempts to collect or induce payment on a debt." *Id.* at 1263.

## II.

We review a dismissal for failure to state a claim de novo, accepting as true factual allegations in and documents attached to the complaint. *See Reese*, 678 F.3d at 1215–16. A complaint survives a motion to dismiss if it states "a claim to relief that is plausible on its face"—in other words, if its factual allegations allow a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted).

## III.

The FDCPA provisions relevant here prohibit a person from making false or misleading representations "in connection with the collection of any debt," and from using "unfair or unconscionable means" of debt collection. 15 U.S.C. §§ 1692e, 1692f. The Lamirands have alleged that Fay Servicing sent them periodic statements containing false information—information suggesting that Fay Servicing was ignoring the settlement agreement by telling them that they owed a larger amount of money sooner. So the question is whether those representations were "in connection with" or a "means" of debt collection if they came in periodic statements required under the Truth in Lending Act.

A communication has the necessary nexus to debt collection under the FDCPA if it "conveys information about a debt and its aim is at least in part to induce the debtor to pay." *Caceres v. McCalla Raymer, LLC*, 755 F.3d 1299, 1302 (11th Cir. 2014). To

determine whether a communication has those traits, we view it "holistically." *Daniels*, 34 F.4th at 1268. Here, a comprehensive view of Fay Servicing's monthly statements reveals that they had both traits. They told the Lamirands about the remaining principal, the interest rate, the amount owed, the date payment was due, and the delinquency on the account. And throughout, the statements advised the Lamirands to pay. In multiple places they bolded the amount due, and instructed that the Lamirands "must pay this amount to bring [their] loan current." The statements also warned that a failure to pay the over $90,000 due could "result in additional fees or expenses, and in certain instances," the "loss of [their] home to a foreclosure sale."

Presumably with the hope that those warnings would persuade the Lamirands to pay, Fay Servicing included a detachable payment coupon, prefaced with the all-caps command: "DETACH AND RETURN BOTTOM PORTION WITH YOUR PAYMENT." And that was not all. Fay dedicated the back of its periodic statements to listing other ways to pay—sometimes twice. The statements also noted that "Fay Servicing, LLC is a debt collector, and information you provide to us will be used for that purpose."

The Lamirands' FDCPA claims can survive a motion to dismiss so long as their complaint alleges that the statements plausibly "aim[ed]," "at least in part," to induce them to pay. *Caceres*, 755 F.3d at 1302. Considered as a whole, these statements easily satisfy that standard. *See Daniels*, 34 F.4th at 1268.

Even so, Fay Servicing insists that the statements are unconstrained by the FDCPA's limitations on debt collection because the Truth in Lending Act requires that they be sent. We are unpersuaded. That statute's "periodic statements" must be sent for each billing cycle, and must inform homeowners of (among other things) the amount due on their loans, the due date for payment, and any details on the loans' delinquency. 15 U.S.C. § 1638(f)(1); 12 C.F.R. § 1026.41(d). The goal is "to assure a meaningful disclosure of credit terms" to consumers. 15 U.S.C. § 1601(a).

Both the Truth in Lending Act and the FDCPA apply here. And when faced with two applicable statutes, we lack the power to "pick and choose" which has the force of law. *Daniels*, 34 F.4th at 1269 (quoting *Epic Sys. Corp. v. Lewis*, 138 S. Ct. 1612, 1624 (2018)). Instead, our role is to harmonize overlapping statutes whenever possible so as to "give effect" to each. *Id.* (quoting *Epic Sys. Corp.*, 138 S. Ct. at 1624). Here that task is simple. Nothing in the Truth in Lending Act says that a periodic statement cannot serve as a means of debt collection. Nor do the two statutes irreconcilably conflict in their operation. *See Tug Allie-B, Inc. v. United States*, 273 F.3d 936, 944 (11th Cir. 2001). The Truth in Lending Act requires a servicer to send periodic statements, and the FDCPA requires those statements to be fair and accurate when they contain language that would induce a debtor to pay. The statutes thus reinforce each other, ensuring that consumers receive both regular and accurate information about their mortgage loans.

We see no conflict in requiring that statements under the Truth in Lending Act be, in fact, truthful.

Fay Servicing says that the purpose of its periodic statements is to inform.  *See* 15 U.S.C. § 1601(a).  That may well be true, but we have recognized that "a communication can have more than one purpose."  *Caceres*, 755 F.3d at 1302; *see also Daniels*, 34 F.4th at 1268.  Here, Fay Servicing might have sent the statements to give the Lamirands information about their debt, or even simply to comply with its disclosure duties.  The "possibility that some portions of the statements were informational," though, "does not doom" the Lamirands' argument that they also were debt-collection attempts governed by the FDCPA.  *Daniels*, 34 F.4th at 1268.  And a factfinder could easily conclude that by the statements' own terms they seek to collect a debt that the Lamirands supposedly owe.

Contrary to what Fay Servicing contends, those dual purposes—notification and collection—can exist even when a periodic statement resembles the template provided by the Consumer Financial Protection Bureau.  The Truth in Lending Act directed the Bureau to create a "standard form" for periodic statements.  15 U.S.C. § 1638(f)(2).  Mortgage servicers likely appreciate a guide to the information they should include.  But nothing in that statute—or in the FDCPA—suggests that words cannot aim to induce a debtor to pay simply because they appear in the Bureau's template.  And following the Bureau's format does not give servicers a license to insert incorrect information.

20-14286                Opinion of the Court                9

In any event, the periodic statements here contain far more language than the model form did—language that served to persuade the Lamirands to pay.  *See* 12 C.F.R. § 1026.41 app. H-30(B); *Daniels*, 34 F.4th at 1270, 1271.  Take the payment coupon.  The model form also includes one but, unlike the statements here, does not head it with a command to "detach" and "return" it "with your payment."  And Fay Servicing did not stop there; the back page of each and every statement was dedicated almost entirely to detailing ways to pay.  Those additions make it plausible—at least—that the statements aimed to do more than simply inform the Lamirands of their debt.

Fay Servicing grasps at one more agency document for support, suggesting that it is exempt from liability because a Bureau bulletin carves the periodic statements out of the FDCPA altogether.  *See* 15 U.S.C. § 1692k(e).  But the bulletin does nothing of the sort.

Its target is a different FDCPA provision, one that limits when debt collectors can contact debtors, not how.  *See* Consumer Fin. Prot. Bureau, CFPB Bulletin 2013-12, *Implementation Guidance for Certain Mortgage Servicing Rules* 6–7 (2013).  Called the "cease-communication provision," this portion of the FDCPA prohibits a debt collector from contacting a debtor who has sent it a written request to stop communicating with her.  *See* 15 U.S.C. § 1692c(c).  That prohibition collides with the Truth in Lending Act obligation to regularly send a debtor information about her debt. The bulletin addressed that conflict, advising servicers that they

could send the statements—even to debtors who did not want to hear from them—without incurring liability under the cease-communication provision.  *See* CFPB Bulletin 2013-12, at 6.

As we have made plain, there is no such conflict here.[1]  *See Daniels*, 34 F.4th at 1272.  The Truth in Lending Act encourages lenders to give consumers information about their loan—information that is useful only if it is accurate and fair, as the FDCPA requires.  When servicers use periodic statements to collect a debt, then, they can be held liable for any misleading or unconscionable representations they make in those statements.  Fay Servicing cannot shield itself with a bulletin drafted to address a completely different provision of the FDCPA.

★     ★     ★

Congress often requires companies to follow overlapping rules.  And courts cannot then ignore those rules; instead, they must give effect to each one, unless the rules irredeemably conflict.  Because the two statutes here in fact work together, we hold that

---

[1] In so doing, we disagreed with district courts that had used the bulletin to hold that periodic statements sent substantially in compliance with the Truth in Lending Act and its implementing regulations fell outside the FDCPA's coverage.  *See, e.g.*, *Zavala v. Select Portfolio Servicing Inc.*, No. 18-cv-61651, 2018 WL 6198685, at ★3 (S.D. Fla. Nov. 28, 2018); *Jones v. Select Portfolio Servicing, Inc.*, No. 18-cv-20389, 2018 WL 2316636, at ★4–5 (S.D. Fla. May 2, 2018); *Brown v. Select Portfolio Servicing, Inc.*, No. 16-62999-CIV, 2017 WL 1157253, at ★2–4 (S.D. Fla. Mar. 24, 2017).

Fay Servicing must comply with both.  The district court's dismissal of the Lamirands' complaint is therefore **REVERSED**.